**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES R. RADMORE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **AEGIS COMMUNICATIONS GROUP,** | : | |
| **INC.**, *et al*. | : | **NO. 08-1616** |
| | : | |

**<u>MEMORANDUM OPINION</u>**

Savage, J.                                                December 4, 2008

In this action brought by a former shareholder of a Delaware corporation alleging that the price paid for the stock by the corporation that acquired the company was far below the actual market value, we must decide whether the Delaware short-form merger statute, Del. Code Ann. tit. 8 § 253(a), limits the minority shareholder's remedy to an appraisal action, which would preclude any other form of challenge to the fairness of the merger. Before we reach that issue, we must determine whether there is personal jurisdiction over the two foreign corporate defendants.

The plaintiff, James R. Radmore ("Radmore"), a former minority shareholder of Aegis Communications Group, Inc. ("Aegis"), seeks compensatory damages for the difference between the price he was paid and the alleged actual value of his shares, as well as punitive damages. Among those named as defendants are Aegis and Aegis's parent corporations, Essar Services (Mauritius) (f.k.a. World Focus) ("World Focus") and Essar Investments Ltd. ("Essar").[1] He alleges that the defendants breached their fiduciary

_____

[1] Radmore had also named ten former and current members of Aegis's board of directors ("individual defendants"). At oral argument, Radmore conceded lack of personal jurisdiction over the individual defendants. Tr. 20:24 -21:2, Oct. 14, 2008. He subsequently filed a Notice of Dismissal concerning these individual defendants. *See* Notice of Dismissal (Doc. No. 33), filed Oct. 31, 2008.

duties in the execution of Aegis's merger with World Focus.

After removing the state court action, the defendants moved to dismiss it. Both World Focus and Essar have raised lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Additionally, the three corporate defendants have moved to dismiss for failure to state a claim upon which relief can be granted because, under Delaware law, Radmore's sole remedy is an appraisal action in the Delaware Court of Chancery. The defendants also contend that the Pennsylvania internal affairs doctrine precludes the court from exercising jurisdiction in order to avoid interfering in the internal affairs of a foreign corporation.

Because there is no personal jurisdiction over World Focus and Essar, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) will be granted as to those two defendants. The action against the remaining defendant, Aegis, will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Radmore's sole remedy is appraisal in Delaware state court.[2] Finally, Radmore's motion to amend his complaint will be denied because, based upon his representations that the amendment would not change any factual allegations in the complaint but only the name of one defendant, his proposed amendment would be futile.

## Background and Procedural History

On November 3, 2006, World Focus, which then held over 94% of Aegis's voting stock, converted Aegis, a Delaware corporation, into a privately held corporation pursuant

---

[2] Because the complaint is dismissed in its entirety, there is no need to reach the defendants' final argument that the Pennsylvania internal affairs doctrine would preclude the exercise of jurisdiction in this action. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 225 n.14 (3d Cir. 2007) (declining to consider issues that would not affect the court's decision).

to a short-form merger under Delaware law.[3]  Compl. ¶¶ 2, 17, 19-20, 28.  Aegis's minority

shareholders were paid five cents per share.  *Id*. ¶ 33.

Radmore, a Pennsylvania resident, filed suit in Pennsylvania state court, alleging

that the price paid to minority shareholders after the short-form merger "was blatantly unfair

and fraudulent and was grossly inadequate compensation for the shares at issue."  *Id*. ¶

34.  He claims that at the time of the merger, the real market value was at least $1.05 per

share.  *Id*. ¶ 46.  He seeks compensatory damages for the difference in the alleged real

value of his 1,065,500 shares and what World Focus paid for them.

**Personal Jurisdiction**

World Focus and Essar, both foreign corporations, contest personal jurisdiction.

They aver that they have no contacts, let alone minimal ones, with Pennsylvania.

The defendants having challenged personal jurisdiction, Radmore bears the burden

of demonstrating facts establishing a basis for the exercise of jurisdiction.  *O'Connor v.*

*Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007); *Kehm Oil Co. v. Texaco,*

*Inc.*, 537 F.3d 290, 300-01 (3d Cir. 2008).  Bald assertions and legal conclusions are

insufficient and Radmore must show the existence of sufficient contacts between each

defendant and the forum.  *Kanter v. Barella*, 489 F.3d 170 (3d Cir. 2007) (quoting *Evancho*

*v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)); *see, e.g., Time Share Vacation Club v.*

*Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) (rejecting plaintiff's "bald, self-serving

statement" concerning the defendants' contacts with the forum).  Thus, to meet his burden,

---

[3] In pertinent part, Delaware law allows a corporation owning "at least 90% of the outstanding shares of each class" of another corporation's voting stock  to "merge the other corporation" into the stockholder corporation.  Del. Code Ann. tit. 8, § 253(a).

Radmore must present "competent evidence" showing that each defendant has the requisite minimal contacts with the forum to warrant the exercise of personal jurisdiction over each defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 n.6 (3d Cir. 2004) (citing *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990)); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000).

Radmore argues that Essar and World Focus are subject to general jurisdiction in this forum.  Radmore has not asserted nor is there any basis for specific jurisdiction, which arises when the cause of action is related to or arises out of the non-resident defendant's contacts with the forum and the injury is related to those contacts.  *General Electric Co. v. Deutz A.G.*, 270 F.3d 144, 150 (3d Cir. 2001); *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

The focus of general jurisdiction is on the relationship between the defendant and the forum state, not on the relationship of the claims to the forum.  *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990).  General jurisdiction exists where the nonresident has substantial, continuing and systematic contacts with the forum.  *Provident Nat'l Bank v. California Fed. Savs. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987).  Once these contacts are established, the defendant can be answerable for any claim even if the cause of action has no relationship to the forum.   *Penzoil Prods. Co. v. Colelli Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 2004).  Thus, general jurisdiction is not premised on conduct related to the litigation, but on the defendant's unrelated contacts in the forum.

Radmore has presented no evidence that either World Focus or Essar does

business in or has any contacts with Pennsylvania.[4]   Rather, he relies on the parent-subsidiary relationship, arguing that "[a]s Aegis is a wholly owned subsidiary, the parent corporation, Essar, has clearly indicated it does business in Pennsylvania" and "World Focus, by its actions in taking majority ownership of Essar, also subjected to the jurisdiction of the Commonwealth of Pennsylvania."   Pl.'s Opp'n at 6.   Even after jurisdictional discovery, Radmore posits nothing more than "World Focus is the parent of Essar, the multi-nation conglomerate which has substantial business interests in the United States including the Commonwealth of Pennsylvania."  Pl.'s Supp. Mem. at 5.  He has proffered no specific evidence of these alleged Pennsylvania interests.  He cites contacts by Aegis, which does not contest that it is registered to do business in Pennsylvania, and, without any evidentiary basis, argues that these contacts should be imputed to Essar and World Focus, the parent corporations.  The fact that Aegis does business within Pennsylvania "does not confer jurisdiction over its nonresident parent, even if the parent is the sole owner."  *Kehm Oil*, 537 F.3d at 301 (quoting *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980)); *cf. Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over a parent company [does not] automatically establish jurisdiction over a wholly owned subsidiary.").

As a general rule, a subsidiary's contacts may not be imputed to the parent.  *See Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988).  To warrant imputing the subsidiary's contacts for jurisdiction, the parent must control the business

---

[4] Essar is a privately held company formed and existing under the laws of India, where it has its principal place of business.  World Focus is a privately held company established under the laws of the Republic of Mauritius, where its principal place of business is also located.

operations and affairs of the subsidiary, effectively making it the parent's alter ego. *Arch v. Am. Tobacco Co., Inc.*, 984 F. Supp. 830, 836 (E.D. Pa. 1997).

Examining whether an alter ego relationship exists requires a comprehensive evaluation of all factors bearing on the intimacy of the relationship between the parent and the subsidiary. It looks to the legal relationship between the entities, the parent's ability to control and its actual exercise of control over the subsidiary, the administrative and organizational structures, the respective performance of functions, and the public's perception of the companies. *Simeone v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 675 (E.D. Pa. 2005).

Radmore has failed to provide any evidentiary basis for concluding that Aegis is the alter ego of World Focus and Essar. He has not pleaded or established any of the indicia of an alter ego relationship. Accordingly, Essar and World Focus will be dismissed for lack of personal jurisdiction.

## Failure to State a Claim

World Focus acquired Aegis as a wholly owned subsidiary "through a short-form merger that was not subject to fairness review" under § 253 of the Delaware General Corporation Law. Compl. ¶ 28. Section 253 provides that a company owning at least 90% of the voting stock of another corporation may merge the subsidiary into itself without providing notice of the merger to minority shareholders. Del. Code Ann. tit. 8, § 253(a). The majority shareholder need only notify the minority shareholders of their right to seek an appraisal once the merger has taken place. *Id.* § 253(d). Minority shareholders cannot prevent the merger nor object to it. They can only contest the valuation of the shares after the merger and demand appraisal in the Delaware Court of Chancery. *Id.*; *Glassman v.*

*Unocal Exploration Corp.*, 777 A.2d 242, 248 (Del. 2001).

In a similar action brought by another Aegis minority shareholder, the Delaware Court of Chancery dismissed the case, holding that "the sole remedy to a minority shareholder challenging a short-form merger is appraisal."  *Matulich v. Aegis Commc'ns Group, Inc.*, Civ. A. No. 2601-CC, 2007 WL 1662667, at *9 (Del. Ch. May 31, 2007), *aff'd on other grounds*, 942 A.2d 596, 598 (Del. 2008)[5] (citing *Glassman*, 777 A.2d at 248).  The *Matulich* Court applied the rule that absent fraud or illegality in a short-form merger, a minority shareholder may not seek, as the plaintiff does in this action, a fairness review.

Unlike the plaintiff in *Matulich*, Radmore argues that he has alleged fraud.  Pl.'s Opp'n at 3.[6]  However, he has failed to plead fraud with the necessary particularity.  At oral argument, to support his claim of fraud, Radmore referred specifically to three paragraphs of the complaint.  Tr. 24:8-24.  These paragraphs state that the defendants (1) "with malice and forethought increased the shares of Aegis . . . for no purpose," (2) the price per share "was blatantly unfair and fraudulent and was grossly inadequate," and (3) "[t]he transaction herein lacked fair dealing and fair process."  Compl. ¶¶ 18, 34, 40.

Radmore's allegations fall far short of that required to allege fraud pursuant to Fed. R. Civ. P. 9(b), especially given that the "bald assertions or legal conclusions improperly

---

[5] Because the *Matulich* plaintiff did not appeal the Court of Chancery's holding that his sole remedy was appraisal if World Focus had the authority to complete the short-form merger, the Delaware Supreme Court did not reach this issue.

[6] Radmore also claims to have alleged illegality.  Pl.'s Opp'n at 3.  Notably contrary to this assertion, however, the complaint does not reference any potentially illegal acts by any of the defendants.  Therefore, there is no cause to consider whether allegations of illegality would entitle the plaintiff's complaint to a remedy other than appraisal.

7

alleged in the complaint" need not be credited.  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997)).   To comply with the requirements of Rule 9(b), a complaint must state "the date, place or time of the fraud," or otherwise inject "precision or some measure of substantiation into [the] allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). Radmore has offered nothing more than conclusory allegations, which will not suffice.

Furthermore, Radmore admitted at oral argument that the only fraud about which he complains is the dilution of the shares.  Tr. 34:23-35:13.  Under Delaware law, a dispute as to share value does not constitute fraud.  *Glassman*, 777 A.2d at 245 (citing *Stauffer v. Standard Brands Inc.*, 187 A.2d 78, 80 (Del. 1962)).[7]  Indeed, the valuation of shares is subject to an appraisal that is exclusively within the purview of the Delaware Chancery Court.

Radmore's sole remedy in disputing Aegis's short-form merger is an action for appraisal in Delaware state court.  Thus, he has failed to state a claim in this forum upon which relief can be granted.

### Notice Required by Del. Code Ann. tit. 8 § 262(d)

At oral argument, Radmore, for the first time, contested having received the requisite notice of his appraisal rights.  Tr. 37:13-41:21; 58:19-24; s*ee* Del. Code Ann. tit.

---

[7] Even though previously overruled, the Delaware Supreme Court "return[ed] to *Stauffer*" in *Glassman*, thus resurrecting the *Stauffer* decision as good law.  *Glassman*, 777 A.2d at 248.

8 § 262(d).[8]  He conceded that the notice requirement can be satisfied by notice to the stockholder's broker, and he admitted that he did not "know whether [his] broker" received such notice.  Tr. 59:6-7.  Rather, he argued that it was the defendants' "burden" to show that he received the proper notice and that, unless they met this burden, his remedy was not limited to appraisal.  *Id.* 59:20-60:12.  He represented that he would not assert that the required notice was not given if the defendant had proof.  *Id.* 60:17-21 ("They don't have a copy of a notice that was sent to the broker.  Let's see it.  They can show it to me and I'll withdraw that argument.  I don't see it here.").

On October 23, 2008, the defendants supplemented the record with the notice provided to Radmore's broker of his appraisal rights subsequent to the short-form merger.  *See* Defs.' Supp.  Mem. of Law Re: Notice at 4.  This notice provided record shareholders with information concerning their right to appraisal subsequent to the merger between Aegis, and ACG Acquisition, Inc., a wholly-owned subsidiary of World Focus.[9]  Radmore did not argue that this notice was deficient or untimely.  Instead, shifting his argument to avoid implication of judicial estoppel, he contends that he was never a shareholder of ACG Acquisition and that the notice produced by the defendants was not related to the merger between Aegis and World Focus.  Pl.'s Reply at 1.  He argues that it was the merger of

---

[8] Radmore argued that he pleaded lack of notice in his complaint.  S*ee* Tr. 58:8-11.  However, the complaint only alleges that "[t]he minority shareholders including plaintiff were not given any notice of the impending merger or any vote on the merger prior to its consummation."  Compl. ¶ 42.  Such notice is not required by § 262(d) for a § 253 short-form merger .

[9] An exhibit attached as Exhibit I to Radmore's Memorandum of Law on Issue of Personal Jurisdiction (Doc. No. 15) and Exhibit I to Radmore's Motion to Amend/Correct Complaint (Doc. No. 16) noted that ACG Acquisition was a special purpose vehicle created for the purpose of merging Aegis into a World Focus subsidiary.

Aegis into World Focus, and not Aegis into ACG Acquisition, that "is the subject of this lawsuit." *Id*.

Radmore's latest argument is contradicted by the facts. The Schedule 13E-3, filed with the Securities and Exchange Commission and cited in the complaint, makes clear that the merger involved "Aegis Communications Group, Inc. and ACG Acquisition, Inc," a "wholly-owned subsidiary of World Focus."[10]   The defendants have produced evidence, which Radmore does not dispute, that he received the notice through his broker.  His attempt to avoid this undisputed evidence by arguing that the notice applied to some other merger is disingenuous.

## Leave To Amend

Radmore has moved to amend his complaint to "substitute Essar Global Limited as party defendant" rather than Essar Investments.  Pl.'s Mot. ¶ 10.  The plaintiff, however, has failed to attach a proposed amended complaint to his motion, which "is fatal to a request for leave to amend." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).  Normally, without the proposed amended complaint, a court cannot "determine whether amendment would be futile." *Id*.; *see also Kanter*, 489 F.3d at 181 (stating the well-established rule that motions to amend may be denied "where pleading deficiencies would not [be] remedied by proposed amendments").

Nevertheless, at oral argument, Radmore was given the opportunity to explain the scope of his proposed amended complaint.  He stated that he seeks only to amend the

---

[10] Because Radmore cites Schedule 13E-3 in his Complaint, it may be considered for purposes of dismissing this action.  *See Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007) (when deciding a motion to dismiss, courts consider documents incorporated into the complaint by reference).

caption and there is "no change to the body of the Complaint itself."  Pl.'s Reply at 1.
Radmore has admitted that the proposed complaint alleges no new facts nor any
allegations that would affect the jurisdictional inquiry.  Tr. 8:4-21; 10:3-18.  Rather,
Radmore seeks to properly designate the Essar defendant.  *Id.* 10:19-11:6.  No matter
what name is ascribed to the Essar defendant - Essar Investments Ltd. or Essar Global
Limited - there is no personal jurisdiction over that defendant.  Additionally, Radmore has
not fleshed out any claims of fraud.  Accordingly, even absent a copy of the proposed
amended complaint, we can determine that the proposed amendment would be futile
because it does not change anything in the original complaint that would alter the
disposition of this motion.

## CONCLUSION

There is no personal jurisdiction over World Focus and Essar.  As to the defendant
Aegis, Radmore has failed to state a claim upon which relief can be granted.  Therefore,
the action will be dismissed.